INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFL–CIO, DISTRICT 154, LOCAL LODGE NO. 2770, Plaintiff-Appellee,

v.

LOURDES HOSPITAL, INC., Defendant–Appellant.

No. 91–5761.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 14, 1991.

Decided March 9, 1992.

Don C. Meade (argued and briefed), Miller & Meade, Louisville, Ky., for plaintiff-appellee.

D. Patton Pelfrey (argued and briefed), Donna K. Perry, (briefed), Brown, Todd & Heyburn, Louisville, Ky., for defendant-appellant.

Before KENNEDY and JONES, Circuit Judges, and RUBIN, District Judge.*

KENNEDY, Circuit Judge.

Lourdes Hospital, Inc. ("Lourdes or defendant") appeals the District Court order granting summary judgment for the International Association of Machinists and Aerospace Workers ("Union or plaintiff") and enforcing an arbitration award favorable to the plaintiff. The defendant asserts that the award ignores the express terms of a bargaining agreement and therefore does not "draw its essence" from the agreement. The defendant also argues

that the arbitrator exceeded his authority by imposing additional requirements and limitations not provided for in the agreement. For the following reasons, we REVERSE the District Court's grant of summary judgment.

I.

Natalie Johnston was employed by Lourdes on a part-time basis as a practical nurse. Johnston worked one 3 to 11 shift per week and one 3 to 11 shift every other weekend. Johnston worked the 3 to 11 shift on Tuesday, September 5, 1989 and was not scheduled to work the following weekend. On Saturday, September 9, 1989, a nursing supervisor phoned Johnston and told her she would have to work the 11 to 7 shift that evening. When Johnston protested, the supervisor informed her that she was enforcing the "mandatory overtime" provisions of the bargaining agreement reached between Lourdes and the Union representing Johnston. Johnston worked the shift and received pay for eight hours of work.

Johnston grieved arguing that she should have been paid time and one half for the work she did on September 9, 1989. Specifically, she invoked the "call back" provision of the collective bargaining agreement and "any other articles of the contract or information pertaining to this grievance." Article XVII, the call back pay provision, of the bargaining agreement states:

> Any employee who is called back to work after having finished his/her shift will be guaranteed two (2) hours pay or be paid for the actual hours worked, whichever is greater, and will be paid at time and one-half (1½) of the applicable rate.

The bargaining agreement, in Article XVI, also provides for employees "on-call" stating that,

> [t]he Employer shall distribute on call time equitably among employees in a given unit or department, consistent with

* The Honorable Carl B. Rubin, United States District Judge for the Southern District of Ohio, sitting by designation.

availability of qualified personnel and the demands of patient care. The Employer reserves the right to determine whether there will be any on call employees in any department and the number of any employees who are on call at any given time.

Employees who are designated to be on call shall receive pay as follows:

1. While on call, the employee shall receive eighty-five cents ($.85) for each hour on call.

2. An employee called in to work at other than his/her normal work hours or is requested to work before leaving the premises shall receive one and one-half time (1½) his/her regular hourly rate for each hour worked with a guaranteed minimum of two (2) hours pay.

The arbitrator, David L. Beckman, held that the hours Johnston worked on September 9, 1989 did not fall within the call-back language of Article XVII. Rather, the hospital breached the bargaining agreement by "an abuse of the power to schedule." Arbitrator Beckman found that the case was analogous to an "on call" case where Johnston was on call from the moment she was telephoned on September 9th and told to report to work. Finally, Arbitrator Beckman noted, based on the agreement, that

> [w]ithout deciding whether this case is properly an "On Call" case ... it is instructive to point out that the parties mutually agreed that being ordered to come to work outside one's normal work hours may very well be worth more than just one's regular rate of pay.

The Union filed a complaint on August 16, 1990 seeking enforcement of the award and, three months later, a motion for summary judgment. Lourdes filed a cross-claim and a cross-motion for summary judgment. The District Court granted the plaintiff's motion for summary judgment and enforced the arbitrator's award.

## II.

■ Appellate courts review a grant of summary judgment *de novo*. *EEOC v. University of Detroit*, 904 F.2d 331, 334 (6th Cir.1990); *McKee v. Cutter Laboratories, Inc.*, 866 F.2d 219, 220 (6th Cir.1989). Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); Fed.R.Civ.P. 56(c).

■ When considering the summary judgment motions the District Court followed the Supreme Court decision in *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987), and reviewed the arbitrator's decision only to determine that the arbitrator was "arguably construing or applying the contract and acting within the scope of his authority." The Supreme Court noted that "[a]s long as the arbitrator's award 'draws its essence from the collective bargaining agreement' the award is legitimate." *Misco*, 484 U.S. at 36, 108 S.Ct. at 370 (quoting *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960). The fact that the reviewing court believes the arbitrator's decision to be seriously in error does not justify vacating the decision. The District Court also applied the standards established by this Court in *Lattimer–Stevens Co. v. United Steelworkers*, 913 F.2d 1166 (6th Cir.1990).[1] The decision in *Lattimer–Stevens* suggests that an arbitration decision may be vacated only if it is in "direct contradiction of unambiguous terms of the agreement" or if the arbitrator "refused to apply explicit terms of the agreement." *Id.* at 1170. *See also Vic Wertz Distributing Co. v. Teamsters Local 1038*, 898 F.2d 1136, 1141 (6th Cir.1990). The District Court determined that nothing in the agreement prevented the arbitrator from awarding Johnston

---

1. The decision in *Lattimer–Stevens* was written by Judge Zatkoff. Judge Boggs dissented arguing that the review of arbitration decisions was a "standardless enterprise." Judge Martin agreed with Judge Boggs that arbitration review was standardless but concurred with Judge Zatkoff as to the outcome.

time and one half pay and that the arbitrator was free to examine the on-call provisions in determining a remedy.

■ We find that the District Court erred in granting summary judgment in favor of the Union and Johnston. The bargaining agreement provides that the hospital maintains the right to schedule as necessary. Article V of the collective bargaining agreement, Management Rights and Responsibilities states:

1. The Hospital reserves and retains solely and exclusively, all of its common-law rights to manage the Hospital, as such rights existed prior to the execution of this Agreement with the Union, subject to the provision of this Agreement.
2. The sole and exclusive functions, rights and responsibilities of management but are not limited to the following: ... the right to control and supervise all operations; to select and hire all employees and direct all work activities of employees; ... to schedule the hours and days to be worked on each day and each shift; ... [and] to assign job duties and make work assignments in accordance with management's determination for what needs to be done for quality and efficient work performance....
3. It is understood and agreed that these enumerations of specific management rights, responsibilities, and functions shall not exclude other unlisted management rights, functions, and responsibilities not specifically listed herein. This Article will not be used to interfere with the employees' rights under the terms of this Agreement.
4. Should the Employer fail to exercise any of its rights, or to exercise them in a particular way, it shall not be deemed to have waived such rights or to be precluded from exercising them in some other way.

The arbitrator raised the concern that the actions of management were in essence an attempt to use the power to schedule to invoke mandatory overtime and to circumvent the schedule change and on-call requirements of the contract. We do not believe that the exercise of a right specifically given in the bargaining agreement, the right to schedule, can be abused or that a remedy exists for such an alleged abuse. No specific provision of the bargaining agreement has been violated. The provisions of the bargaining agreement addressing overtime work do not apply in this situation since Johnston is a part time employee.[2] Similarly, the call back provisions are not applicable, as the arbitrator noted, since Johnston was not called back at the end of a shift. In essence, the arbitrator created a contract term requiring sufficient notice of all schedule change. Because no such term exists in the bargaining agreement, the arbitrator's decision exceeds his discretion and impermissibly administers his own brand of industrial justice. *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

Because no provision of the bargaining agreement has been violated, we hold that the decision of the arbitrator does not meet the standard of review established by *United Paperworkers* and *Lattimer–Stevens*. The assertion that Lourdes has abused the power to schedule does not establish a claim under the bargaining agreement. The arbitration finding is therefore in direct contradiction with the terms of the agreement. We REVERSE the grant of summary judgment by the District Court and deny enforcement of the arbitrator's award.

---

2. The agreement states that 40 hours is a standard work week. The issue of overtime work and the proper sequence for requesting someone to work overtime are found in the agreement under Article XIV.