42 F.3d 1388
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 HAMILTON-STEVENS GROUP, INC., Plaintiff-Appellee
v.
INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND
AGRICULTURAL IMPLEMENT WORKERS OF AMERICA U.A.W.
and U.A.W. Local 1688, Defendants-Appellants.
 
 No. 93-3472.
 United States Court of Appeals, Sixth Circuit.
 Nov. 23, 1994.
 Before: CONTIE, MILBURN, and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 The Union appeals the order of the district court vacating the arbitrator's award settling the Union's grievance. For the reasons that follow, we affirm the judgment of the district court.
 
 
 2
 * Hamilton-Stevens Group, Inc. is a wholly-owned subsidiary of Stevens Graphics Corporation. The Union represents all production and maintenance employees at the Hamilton, Ohio, plant, where Hamilton-Stevens manufactures printing equipment. Traditionally, all printing equipment manufactured at that plant has been installed and serviced at the purchasers' businesses by employees in the Hamilton bargaining unit unless those purchasers have their own installation and service personnel.
 
 
 3
 In 1991, Stevens Graphics consolidated its manufacturing operations and transferred to the Hamilton plant the manufacture of a printing press (the MS-1000) previously manufactured at the Stevens Division facility in Fort Worth, Texas. Stevens Graphics did not, however, consolidate its service operations but kept intact the Stevens Division service department which specialized in that particular press. Installation and service of that press continued to be done by the Stevens Division service employees out of Fort Worth. Stevens is not a party to the collective bargaining agreement at issue here, and those employees are not represented by a union. The Union filed a grievance, contending that the assignment of this work belongs to the employees in the bargaining unit at the Hamilton plant, where the press is now manufactured. The grievance culminated in arbitration.
 
 
 4
 The collective bargaining agreement, entered into by Hamilton-Stevens and the Union prior to the transfer of manufacture of the press from Stevens Graphics in Fort Worth, contains the following provisions:
 
 Article 1
 Definition of Employee
 
 5
 The term "employee" as used in this Agreement shall include all production and maintenance employees including plant clerical employees employed by the Company at its plants located at Walnut @ Ninth Street, the Ninth Street Annex, and 2175 Schlichter Drive, Hamilton, Ohio....
 
 Article 2
 Recognition
 
 6
 ....
 
 
 7
 Section 2. This Agreement, and all rights, duties, and obligations created by it, is confined to the locations of the Company's property and business designated in Article 1, above, and confers no rights, duties, or obligations at any other property or business owned, operated, or acquired by the Company.
 
 
 8
 ....
 
 Article 3
 Management
 Management's Rights
 
 9
 Section 1. All rights to the Company existing before the execution of this Agreement are retained by the Company, except as expressly modified by this Agreement.
 
 
 10
 ....
 
 
 11
 Section 3. The rights referred to in Section 1, above, also include, but are not limited to, the following: The right to maintain order, economy, and efficiency, the right to extend, maintain, curtail or terminate the business or operations of the Company, the right to subcontract work, the right to determine the size, kind, and location of the Company's business or operations, and to determine the type and amount of products to be manufactured and equipment to be used, the right to determine production and work schedules, methods, processes, and means of manufacture and materials to be used, including the right to introduce new and improved methods or facilities, the right to assign work,....
 
 Article 9
 Grievance and Arbitration Procedure
 
 12
 ....
 
 
 13
 Section 5. The arbitrator shall have jurisdiction and authority only to interpret and apply the express provisions of this Agreement. The arbitrator shall not have authority to alter, amend, subtract from, add to, or otherwise modify any of the terms of this Agreement....
 
 
 14
 The arbitrator concluded that because Hamilton's past practice had been to assign to Union employees all installation and service work on products manufactured at the Hamilton plant, that past practice effected an amendment of the collective bargaining agreement such that the agreement now requires compliance with the past practice. Further, the arbitrator concluded that the work of installing and servicing the MS-1000 is subject to the collective bargaining agreement because the press is manufactured at the Hamilton plant, regardless of management's right under the agreement to assign work and regardless of the fact that it was Stevens Graphics, not Hamilton-Stevens, that made the decision to maintain separate service operations and to have the MS-1000 installed and serviced by Stevens Division employees rather than Hamilton-Stevens employees.
 
 
 15
 Hamilton-Stevens filed suit seeking to vacate the arbitrator's award, and the district court granted Hamilton-Steven's motion for summary judgment. The court concluded that the jobs involved in installing and servicing the MS-1000 were not covered by the collective bargaining because they were never brought into the Hamilton plant; that Article 9 of the collective bargaining agreement limits the authority of the arbitrator to interpreting and applying the express provisions of the agreement, and provides that the arbitrator does not have the authority to amend that agreement; that the arbitrator had specifically held that the language of the collective bargaining agreement was amended by the past practice, and therefore the arbitrator had exceeded his authority; and that his decision did not draw its essence from the collective bargaining agreement.
 
 II
 
 16
 This court reviews the district court's grant of summary judgment de novo and therefore applies the same standard which the district court was constrained to apply. See NCR Corp. v. Int'l Ass'n of Machinists and Aerospace Workers, 906 F.2d 1499, 1500 (10th Cir.1990). The appropriate standard is a very narrow one:
 
 
 17
 [T]he arbitrator's award settling a dispute with respect to the interpretation or application of a labor agreement must draw its essence from the contract and cannot simply reflect the arbitrator's own notions of industrial justice. But as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision.
 
 
 18
 United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 38 (1987) (applying the Supreme Court's earlier decision in United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593 (1960)). In accordance with the Misco standard, courts in this circuit may vacate an arbitration award
 
 
 19
 only if it is in "direct contradiction of unambiguous terms of the agreement" or if the arbitrator "refused to apply explicit terms of the agreement."
 
 
 20
 Int'l Ass'n of Machinists and Aerospace Workers v. Lourdes Hospital, Inc., 958 F.2d 154, 156 (6th Cir.1992) (quoting Lattimer-Stevens Co. v. United Steelworkers, 913 F.2d 1166, 1170 (6th Cir.1990)).
 
 
 21
 At oral argument, the Union conceded that the arbitrator had used the past practice to amend the collective bargaining agreement. The Union argues, however, that the arbitrator's award must be upheld because the installation and service work did in fact come into the plant and because Hamilton-Stevens did not have the unfettered right under the agreement to assign that work to non-bargaining unit employees.
 
 
 22
 We disagree. We conclude after careful review of the record and the district court's opinion, delivered from the bench, that the district court was correct that the arbitrator based his determination on past practice, that he used the past practice to amend the express language of the collective bargaining agreement, and that in so doing, the arbitrator exceeded his authority. The language of the collective bargaining agreement limits "employees" to those at the locations specified in the agreement; it limits the scope of the agreement to the locations and business designated in the agreement; it reserves to Hamilton-Stevens the right, inter alia, to assign work; and it limits the authority of the arbitrator to interpreting and applying the agreement. The work at issue here is not work which was covered by the collective bargaining agreement when that agreement was entered into by the parties; it is not work which was performed or could be performed at the locations or businesses designated in the agreement; it is in fact work that always was performed by non-bargaining unit employees of Stevens Graphics, which was not a party to the agreement; and the work was never transferred to the Hamilton plant but was retained by the Stevens Division service department, which remained intact after the manufacturing operations were consolidated and the manufacture of the MS-1000 was transferred to the Hamilton plant. Only by amending the collective bargaining agreement could the arbitrator conclude that the work at issue was bargaining unit work. Therefore, we conclude that the arbitrator's award did not draw its essence from the collective bargaining agreement.
 
 
 23
 Accordingly, we AFFIRM the judgment of the district court vacating the award of the arbitrator.